UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. DENTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-660-WTL-MJD |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Robert L. Denton requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Denton's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

**I.  APPLICABLE STANDARD**

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the Administrative Law Judge ("ALJ")'s decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

2

evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Denton protectively filed for DIB and SSI on June 5, 2012, alleging that he became disabled on December 20, 2011, due to shoulder pain, arthritis, high blood pressure, depression, hearing loss, insomnia, carpal tunnel syndrome, knee problems and a thyroid condition. Denton was born on September 13, 1962, and he was forty-nine years old on the alleged disability onset date. Denton has an eleventh-grade education and has past relevant work experience as a carpenter and an industrial cleaner.

Denton's application was denied initially on August 17, 2012, and upon reconsideration on October 23, 2012. Thereafter, Denton requested and received a hearing in front of an ALJ. A hearing, during which Denton was represented by counsel, was held by ALJ Jennifer Fisher on August 1, 2013. The ALJ issued her decision denying Denton's claim on October 24, 2013; the appeals council denied Denton's request for review on February 25, 2015. Denton then filed this timely appeal.

## III. THE ALJ'S DECISION

The ALJ determined that Denton met the insured status requirements of the Social Security Act through December 31, 2014. The ALJ determined at step one that Denton had not engaged in substantial gainful activity since December 20, 2011, the alleged onset date. At steps two and three, the ALJ concluded that Denton had the severe impairments of "bilateral shoulder dysfunction; history of carpal tunnel syndrome; degenerative joint disease of the right knee; psoriasis; and hypertension," Record at 23, but that his impairments, singly or in

combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Denton had the following Residual Functional Capacity ("RFC"):

> I find that the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently using both upper extremities and stand/walk for approximately 6 hours in an 8-hour day. He has no limitation on his ability to sit. The claimant can frequently, as opposed to constantly, reach, handle, and finger with his bilateral upper extremities. However, the claimant can only occasionally reach overhead with his bilateral upper extremities. The claimant can occasionally balance, stoop, and climb ramps and stairs, but he can never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. Furthermore, the claimant must avoid even moderate exposure to extreme cold, extreme heat, extreme humidity, and extreme vibration. The claimant must also avoid all exposure to unprotected heights, slippery/uneven surfaces, and dangerous moving machinery. The claimant is capable of sustaining a flexible work pace.

*Id.* at 25. Given this RFC, the ALJ determined that Denton was unable to perform any past relevant work. The ALJ found that transferability of job skills was not material to the determination of disability because the Medical-Vocational Rules supported a finding that Denton was not disabled. The ALJ found that, considering Denton's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. Accordingly, the ALJ concluded that Denton was not disabled as defined by the Act.

## IV.   EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Denton's brief (Dkt. No. 16) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

In his brief in support of his complaint, Denton advances two objections to the ALJ's decision; each is addressed below.

### A. Step 2 Error

Denton argues that the ALJ erred at Step 2:

> Only medical experts can reach conclusions regarding meeting or equaling one of the Listing impairments. The ALJ erroneously made a blanket statement that listing 1.02 is not met without any discussion of the evidence as it relates to the requirements of the listing criteria. . . . . The ALJ errs by failing to properly analyze the evidence in the listing discussion and by failing to utilize readily available expertise as mandated by Social Security rules.

(Dkt. No. 16 at 11).

In her decision, the ALJ states that "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. at 24.

The ALJ then states,

> the claimant's bilateral shoulder dysfunction, history of carpal tunnel syndrome, and degenerative joint disease of the right knee have been considered under listing 1.02 (Major Dysfunction of a Joint). However, the record does not demonstrate gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints, with (A) involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively (as defined in 1.00(B)(2)(b)); or (B) involvement of one major peripheral joint in each upper extremity, resulting in inability to perform fine and gross movements effectively (as defined in 1.00(B)(2)(c)). Therefore, the criteria for the listing are not met.

*Id.*

In this short review, the ALJ failed to provide analysis or discussion of the evidence. Rather, she simply quoted the language of the listing and stated that Denton's conditions do not meet the criteria. The Seventh Circuit has criticized this sort of superficial discussion:

> This is the very type of perfunctory analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing. *See Kastner v. Astrue*, 697 F.3d 642, 647-48 (7th Cir. 2012) (remanding where the ALJ's cursory Listing analysis failed to articulate rationale for denying benefits when record supported finding in claimant's favor); *Barnett* [*v. Barnart*, 382 F.3d 664, 670 (7th Cir. 2004)] (concluding the ALJ's "two-sentence consideration of the Listing of Impairments [was] inadequate and warrant[ed] remand"); *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) (reversing because ALJ's Listing analysis was "devoid of any analysis that would enable meaningful judicial review").

*Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015). In *Minnick*, the court criticized the ALJ's two-sentence consideration of the Listing. Just as in *Minnick*, the ALJ in this case dismissed the possibility of Denton's back and knee impairments meeting or equaling Listing 1.02's criteria "in two sentences. Beyond these two sentences, she provided no analysis whatsoever supporting her conclusion." *See id.* at 936. While the Commissioner correctly notes that the ALJ does discuss evidence related to Denton's shoulder and knee impairments in her RFC analysis, she does not provide any analysis of how this evidence relates to the requirements of Listing 1.02. Further, she does not cite to any medical expert regarding equivalency as she was required to do:

> Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue. See 20 C.F.R. § 404.1526(b) ("Medical equivalence must be based on medical findings. . . . We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence."); S.S.R. 96–6P at 3 ("[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."), reinstating S.S.R. 83–19 (additional citation omitted).

*Barnett*, 381 F.3d at 670 (cited in *Minnick*, 775 F.3d at 935-36).

The ALJ's failure to provide more than a perfunctory analysis at Step 2 does not allow the Court to adequately review the ALJ's decision. *See Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014 ) ("In drawing its conclusions, the ALJ must explain her decision in such a way that allows [the Court] to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record.") (citation and quotation marks omitted). As such, the ALJ failed to build "a logical bridge from the evidence to her conclusion." *See id.* at 815.

### B. Step 5 Error

Denton also argues that the ALJ erred at Step 5 by improperly relying on the grids system. On remand, the ALJ should explain why Plaintiff's non-exertional limitations did not significantly erode the occupational base of light work, considering evidence from a vocational expert in this determination.

### VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

**SO ORDERED: 8/25/16**

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.